UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| FCA US LLC, | ) |
| | ) |
| Plaintiff, | ) Case No: |
| | ) |
| vs. | ) |
| | ) |
| CLAY COOLEY REAL ESTATE HOLDINGS 1 LLC d/b/a CLAY COOLEY CHRYSLER JEEP DODGE RAM, | ) ) ) ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff FCA US LLC ("FCA US") files this action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure. In support thereof, FCA US states as follows:

**A.   Parties**

1.   FCA US is a Delaware limited liability company with its principal place of business in Auburn Hills, Michigan. FCA US is 100% owned by FCA North America Holdings LLC, a Delaware limited liability company with its principal place of business in Auburn Hills, Michigan. FCA North America Holdings is 100% owned by FCA Foreign Sales Holdco Ltd., a company organized under the laws of the United Kingdom with its principal place of business in the United Kingdom.

FCA Foreign Sales Holdco Ltd. is 100% owned by SFS UK 1 Limited, a company organized under the laws of the United Kingdom with its principal place of business in the United Kingdom. SFS UK 1 Limited is 100% owned by Stellantis N.V. (formerly known as Fiat Chrysler Automobiles N.V.), which is a publicly traded company organized under the laws of the Netherlands with its principal place of business in the Netherlands.

2. Upon information and belief, Clay Cooley Real Estate Holdings 1 LLC d/b/a Clay Cooley Chrysler Jeep Dodge Ram ("Cooley CJDR") is a Texas limited liability company with its principal place of business in Texas.

3. Upon information and belief, all members of Cooley CJDR are citizens of the State of Texas for the purposes of determining jurisdiction under 28 U.S.C. § 1332.

B. **Jurisdiction and Venue**

4. The Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a)(2), as (1) this action is between citizens of different states, and (2) the amount in controversy exceeds $75,000.

5. This Court has personal jurisdiction over Cooley CJDR pursuant to the terms of the Letter of Intent ("LOI"), executed by the Parties in connection with Cooley CJDR's request that FCA US enter a Chrysler, Jeep, Dodge, and RAM ("CJDR") Sales and Service Agreement to establish a dealership in the Mesquite

Sales Area. *See* LOI, attached as Ex. A. This LOI, in part, forms the basis of FCA US's request for declaratory relief and provides that "Michigan's substantive law will be used to govern, interpret and enforce this LOI, without regard to conflicts of law rules. Any legal action based on this LOI shall be filed exclusively in the United States District Court for the Eastern District of Michigan." *See* Ex. A at §§ 2, 11-12.

6. Venue is proper in this judicial district under 28 U.S.C. 1391(b)(3) because Cooley CJDR is subject to the Court's personal jurisdiction with respect to this action. *See* Ex. A at §12.

**C.    Background**

7. On August 1, 2016, Cooley CJDR filed a Protest with the Texas Department of Motor Vehicles, Docket No. 16-0038-LIC (the "Protest"), in which Cooley CJDR protested the establishment of a proposed dealership for the display, sale and service of CJDR vehicle lines to be located at or about 2536 Forest Lane, Dallas, Texas.

8. On October 24, 2017, the Parties executed a Settlement Agreement in which Cooley CJDR agreed to withdraw its Protest, and FCA US, acknowledging that there was an existing need for an additional CJDR dealer in Mesquite, Texas in the N115-Dallas Sales Locality, agreed to issue a LOI to Cooley CJDR for the purpose of establishing a new dealership at that Mesquite location, contingent upon

Cooley CJDR "meet[ing] the criteria established in the LOI and gain[ing] FCA US's approval per the LOI."

9. The Settlement Agreement provided that if Cooley CJDR "fails to timely and satisfactorily satisfy the terms and conditions of the LOI, then Cooley CJDR shall be deemed to have waived the LOI and shall have no further rights with respect to the ownership and operation" of the Mesquite dealership. *Id.* at §1(b).

10. On October 25, 2017, FCA US executed a LOI with Cooley CJDR providing for the issuance of a CJDR Sales and Service Agreement, including related Additional Terms and Provisions (collectively, the "Dealer Agreements") in the Mesquite Sales Area within the N115-Dallas Sales Locality if Cooley CJDR timely met the requirements of the LOI. *See* Ex. A.

11. The LOI set forth a number of requirements which, if not met to FCA US's satisfaction and within the time periods specified, would be a "material breach of this LOI" in which case FCA US would have the right to terminate the LOI and be under no obligation to enter into any agreement with Cooley CJDR. *Id.* at §2.

12. For example, prior to the expiration date of the LOI, Cooley CJDR was required to complete construction of the facility. *Id.* at §1.

13. The LOI provides that Cooley CJDR assumes financial risk by agreeing to the terms of the LOI, and FCA US will not be held responsible for actions taken in furtherance of the obligations contained in the LOI. *Id.* at §11.

4

14. The LOI provides that FCA US may not be held responsible for any "financial loss, opportunity loss or other damages (in any form) caused to [Cooley CJDR] arising from or associated with the terms, obligations, conditions, and/or purpose of the LOI" including "acquiring or selling property, construction or renovating the Facility or making any changes to existing buildings." *Id*.

15. Over approximately eight years, FCA US repeatedly in good faith provided Cooley CJDR with extensions of time to complete its obligations.

16. FCA US approved a final extension in December 2023 which expired on June 30, 2025.

17. Cooley CJDR failed to meet all the requirements set forth in the LOI within this time period. Despite these multiple extensions, Cooley CJDR failed to obtain approval for, much less begin and complete construction of, the required facility by the June 30, 2025 deadline.

18. Cooley CJDR alleges that it took steps to establish the dealership over this eight-year period, including securing nearby dealer waivers, purchasing a property, and finalizing construction and engineering plans for the property. *See* Cooley CJDR's Demand Letter, attached as Ex. B.

19. The LOI, in relevant part, specifically enumerated all obligations that Cooley CJDR must satisfy within the specified time period, including but not limited to, submission of a written site proposal and complete architectural plans and

5

specifications for the overall facility that comply with FCA US's material and branding guidelines; compliance with all federal, state, and local licensing requirements relating to the plans; construction and/or renovation of the facility in accordance with the approved plans and procurement of a certificate of occupancy; identification of a legal entity, corporate name, and ownership information; execution of a minimum five year lease; execution of a dealership identification agreement with FCA US; and compliance with FCA US's financial requirements for a dealership, standard requirements to enter into the Dealer Agreement including but not limited to the satisfaction of all state licensing requirements, and submission of a new vehicle wholesale floor plan in an amount acceptable to FCA US. *See* Ex. A.

20. When Cooley CJDR's final extension expired in June 2025, Cooley CJDR's failure to timely satisfy its LOI obligations was a "material breach" of the LOI. *Id.* at §2.

21. Cooley CJDR's material breach entitled FCA US with the "right to terminate this LOI upon written notice" such that "FCA US will have no obligation to enter into the Agreements with [Cooley CJDR] and will have no further obligation or liability to [Cooley CJDR]." *Id.* at §2.

22. On October 24, 2025, FCA US issued a Termination Letter to Cooley CJDR, exercising its rights under the LOI to terminate the LOI. *See* Ex. C. FCA US properly terminated the LOI and accordingly has no obligation to reinstate or

enter into any further agreements with Cooley CDJR. Ex. A. By its plain terms, Section 2 of the LOI expressly precludes a remedy of specific performance. *Id.*

23. On January 29, 2026, Cooley CJDR's counsel issued a Demand Letter to FCA US, demanding that FCA US reinstate the LOI to Cooley CJDR by February 12, 2026. *See* Ex. B.

24. The letter threatens that if "FCA refuses to reinstate the LOI and begins the process of selling or transferring any interest in the Mesquite dealership to any other party, Clay Cooley CJDR will pursue legal action and seek all damages and equitable remedies against FCA." *Id.*

25. To the detriment of FCA US, Cooley CJDR's threat of imminent litigation ties up the Mesquite market in that it threatens litigation against FCA US if it decides to move forward with another candidate for the Mesquite market.

26. On January 29, 2026, the same date of receipt as Cooley CJDR's Demand Letter, FCA US received a letter from a potential transferee, Greenway Automotive Management, LLC, declining the Mesquite Open Point, in part, on this basis. *See* Ex. D.

27. Cooley CJDR's failure to complete all obligations under the LOI, and now its threat to tie-up the Mesquite market through litigation will be to the continuing detriment of the consuming public and FCA US. For example, Cooley CJDR's threats will prevent the establishment of a new CJDR dealership in Mesquite

to serve area consumers and those consumers will not be able to take advantage of a more convenient, local dealership at which to purchase and service their new vehicles. As to FCA US, it will continue to be harmed in terms of a loss of sales and service opportunities. Indeed, the Dallas market is one of FCA US's largest lost sale markets.

### D. Request for Declaratory Relief

27. FCA US incorporates all previous allegations as if fully set forth herein.

28. The Parties disagree as to whether FCA US had the right to terminate the LOI.

29. The Parties further disagree as to whether FCA US is obligated to reinstate the LOI to Cooley CJDR for the Mesquite location.

30. On the basis of these disagreements, Cooley CJDR has threatened to file suit against FCA US. *See* Ex. B.

31. Cooley CJDR's "time-sensitive" Demand Letter insists FCA US "immediately and unconditionally" reinstate the LOI by February 12, 2026. *Id*. In the letter, Cooley CDJR's counsel advised FCA US that if it refuses to reinstate the LOI and/or begins the process of selling or transferring any interest of Mesquite to any other party, Cooley CJDR will pursue legal action and seek all damages and equitable remedies against FCA US. *Id*. FCA US faces immediate harm because

Cooley's threat prevents FCA from appointing another dealer to the detriment of Mesquite-area consumers and FCA US. This inherently ties up the Mesquite market under a threat of imminent litigation and at least one potential transferee has already declined this Open Point on this basis. *See* Ex. D.

32. Every day in which FCA US has no dealer established in Mesquite equates to loss of new vehicle and parts sales for FCA US, and causes inconvenience for consumers in the Mesquite area who are forced to drive outside the area to purchase a CJDR vehicle or have a CJDR vehicle serviced.

33. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that "[i]n a case of actual controversy within its jurisdiction ..., any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

34. Where, as here, there is a controversy "as to the meaning and effect of a written contract interpretation" a declaratory judgment "may be sought from and made by . . . a court having jurisdiction over the parties, there is no doubt." *Panhandle E. Pipe Line Co. v. Michigan Consol. Gas Co.*, 177 F.2d 942, 944 (6th Cir. 1949); *cf. Rib Roof Metal Sys., Inc. v. Nat. Storage Centers of Redford, Inc.*, No. 07-13731, 2009 WL 963675 (E.D. Mich. Apr. 8, 2009) (granting judgment to plaintiff on standalone declaratory judgment claim).

9

Wherefore, FCA US respectfully requests that the Court enter judgment in its favor and against Cooley CJDR herein, and that the Court declare that:

a. Under the LOI, FCA US had a legal right to terminate its LOI with Cooley CJDR if Cooley CJDR did not timely meet the requirements of the LOI;

b. FCA US properly terminated the LOI with Cooley CJDR as Cooley CJDR did not timely meet the requirements of the LOI; and

c. FCA US is under no obligation to reinstate the LOI or provide any Dealer Agreements to Cooley CJDR for the Mesquite location.

## SPEEDY HEARING

Pursuant to Federal Rule of Civil Procedure 57, FCA US requests that the Court order a speedy hearing of this action.

## TRIAL DEMAND

Plaintiff FCA US LLC requests a trial in Detroit, Michigan in the above-captioned matter.

Dated: February 12, 2026.	Respectfully Submitted,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

*/s/ Mark T. Clouatre*
Mark T. Clouatre
John P. Streelman
1400 Wewatta Street, Suite 500
Denver, CO 80202
T: (303) 583.9900
F: (303) 583.9999
mark.clouatre@nelsonmullins.com
john.streelman@nelsonmullins.com

Brian S. Tobin (MI Bar No. P67621)
Carlson, Gaskey & Olds, P.C.
400 W. Maple, Suite 350
Birmingham, MI 48009
T: (248) 988-8360
btobin@cgolaw.com

*Attorneys for Plaintiff FCA US LLC*